IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY ENRIQUE BOYNTON, | : | No. 3:23cv1705 |
| Plaintiff | : | (Judge Munley) |
| v. | : | (Magistrate Judge Carlson) |
| TPR. JOHNATHAN HOUSENICK, Defendant | : | |

## ORDER

Before the court for disposition is Magistrate Judge Martin C. Carlson's report and recommendation ("R&R") dated November 14, 2023. The R&R provides a preliminary review of the instant *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This statute requires a preliminary screening of *pro se* complaints to determine if any of the claims in the complaint are frivolous, malicious, or fail to state a claim upon which relief may be granted. The R&R suggests that the complaint's Fourth Amendment and false arrest claims against Defendant Trooper Johnathan Housenick are time barred by the statute of limitations. It further suggests that the complaint fails to set forth sufficient well-pleaded facts to support a plausible malicious prosecution claim.

Accordingly, the R&R recommends dismissal of the plaintiff's complaint, without prejudice and allowing plaintiff to correct its defects within twenty-one (21) days of the dismissal order.

No objections to the report and recommendation have been filed, and the time for such filing has passed.[1]  Therefore, in deciding whether to adopt the report and recommendation, we must determine if a review of the record evidences plain error or manifest injustice.  FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, we find neither a clear error on the face of the record nor a manifest injustice, and therefore, we shall adopt the report and recommendation.  It is hereby **ORDERED** as follows:

1. Magistrate Judge Carlson's R&R (Doc. 9) is hereby **ADOPTED**;
2. Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice to plaintiff to file an amended complaint remedying the complaint's deficiencies

---

[1] In response to the R&R, plaintiff filed a document on November 27, 2023.  This document states that plaintiff would like to file an "appeal" of the R&R.  Even if we liberally construe this document as objections to the R&R, they would be overruled as they provide no specificity, no legal authority nor any grounds for the plaintiff's dissatisfaction with the R&R.  Such a general objection does not require a de novo review of the R&R.  See Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984).

pointed out in the R&R within twenty-one (21) days from the date of this order.

Date: 12/19/23

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court